McFarland, J.,
delivered the opinion of the court.
The petition for a rehearing and to' correct the decree, filed by Dougherty, administrator of Donnell, should b© granted.
The original bill was filed on the fourth of February, 1868, by Leech and wife against Ezekiel Alexander, executor of Abner Alexander, Or. J.' Odom and Henry Dougherty, administrators of W. O. Donnell.
The bill states that the complainant, under her fathers will, was entitled to a legacy of $1,750 at the expiration of two years from his death, and that the executor liad paid only about $800 of said legacy. It further states that “there are six legatees, four of which were to be made equal to the other two by being paid $1,750 each, and then the residue of the estate was to be divided equally between the six legatees';” and “after equalizing advancements there would still be left a considerable sum in the hands of the executor to be distributed between the legatees.” Who the other legatees are is not stated, nor is a copy of the will made an exhibit to the bill. The complainants, however, offer to file a copy on the hearing.
It is stated that Odom, one of the defendants, ¡and Donnell, the intestate of Dougherty, the other defendant, became sureties upon the bond given by Ezekiel Alexander, executor.
A subpoena was issued on the filing of this bill, and was served on defendants, Dougherty and Odom.
On the eighteenth of February, 1868, án amended bill was filed, to which were made parties, defendants J. M. Alexander and Mark Alexander, of the State of Texas, James Cannon and others, heirs of Catherine Dixon, Ezekiel Alexander and J. H. Alexander, but neither Odom nor Dougherty are made parties; and in this amendment other charges are made in regard to the maladministration by the executor.
*562 Tlie defendant, Ezekiel Alexander, in his answer, requires complainants to produce a copy of the will, as they had proposed to do, and says when produced it will show what complainants and each of the other legatees were entitled to-, and agrees to adopt the copy as part of his answer.
A copy of the will was afterwards filed.
By the will the testator devises to his two sons, James and Ezekiel, his lands, and directs that each shall be charged therefor the sum of $1,750; that the rest of his property shall be sold, “and the proceeds applied to1 make all my children equal, by John M. Alexander, Catherine L. Dixon, E. A. Leech, Ezekiel and James,” and if the fund thus raised should not be sufficient to make the first named four $1,750 each, then Ezekiel and James should pay a sum sufficient to make their shares equal their own.
At the May term, 1870, of the court, J. M. Alexander*, and the children of Catharine Dixon, defendants to the amended bill, upon their own application were made complainants.
At the November term, 1871, the clerk and master, pursuant-to order, made a report of the sum due from the executor, when it appeared there was in his hands the sum of $3,568, and a deex*ee was pronounced against him and his sureties therefor, and an order was made directing the clerk to report how much was to be paid out of the fund to each of the legatees, and whether James and Ezekiel would have to pay anything towards making the four legatees, to whom money was bequeathed, equal to them.
Upon this state of facts it is obvious that the decree is erroneous so far as Dougherty, administrator of Donnell, is concerned. He was made a party to the original bill, in which nothing whatever is stated from which a liability on the part of the executor or his sureties to any other person than Mrs. Leech can be inferred. To the amended bill bringing the three other legatees of money legacies *563 before the court, he is not made a party, nor is any relief asked against him. When these legatees, on their own application, were made complainants in 1870, they were made parties complainants to proceedings that averred nothing against him.
The order pro confesso, taken against the administrator, .operated to give the court jurisdiction to pronounce a decree against him only upon facts stated in the bill to which he was made a party, and could not open the case as to facts brought before the court by subsequent pleadings, and the decree of this court will be so modified as to charge him only for the sum that may be due Mrs. Beech.